United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT LEE JACKSON,

    Plaintiff,

    v.

US SUPREME COURT, et al.,

    Defendants.

_____/

No. C 06-0982 PJH

**ORDER DISMISSING COMPLAINT AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS**

    The court has received plaintiff's complaint and application to proceed in forma pauperis, both filed in this court on February 14, 2006. Because there is no legal basis for plaintiff's complaint, the Court denies plaintiff's application and dismisses the complaint sua sponte.

    Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). Dismissal on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Id., 490 U.S. at 324, 109 S. Ct. at 1831. Where a litigant is acting pro se and the court finds the litigant's complaint

1  frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant
2  notice of the deficiencies of the complaint and an opportunity to amend before final
3  dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be
4  cured by amendment.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987); <u>Eldridge v.
5  Block</u>, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

6        Plaintiff's complaint alleges that at some point in time, plaintiff "joined the U.S. army
7  as [Adjutant] General, U.S. Chief Treasurer, U.S. Chief IRS Agent and World Court
8  Judge...".  <u>See</u> Complaint, p. 5.  He also alleges that he acted as a "World Court federal
9  hospital inspector and lead military executioner," and took an oath "to stay 30 years under
10 [the] Vietnam Geneva Convention Laws of War."  <u>Id</u>.  Plaintiff alleges that he "only made
11 $50.00 a month for doing all these commissioned assignments," and that he has "been
12 neglected, underpaid and made to go homeless."  <u>Id</u>.  Plaintiff seeks relief in the form of
13 "grant money" that plaintiff wants issued to him "in a[n] appropriations vote of the U.S.
14 Supreme Court and the nine district judges."  <u>Id</u>. at 6.  Elsewhere in the complaint, plaintiff
15 mentions the specific sum of $97,000,000.00.

16       It is impossible to discern from plaintiff's complaint the legal theories under which
17 plaintiff seeks relief.  Plaintiff alleges no facts in support of his complaint, states no basis for
18 the court's subject matter jurisdiction, and does not identify any recognizable causes of
19 action.  Moreover, even if he had done so, plaintiff's complaint against the alleged
20 defendants would still fail.  Plaintiff has filed his action against the U.S. Supreme Court and
21 nine "circuit district courts," an entity later clarified to mean the federal district courts.  It is
22 well-established, however, that federal judges are absolutely immune from suit, unless it is
23 proven that one of two exceptions applies: (1) the suit stems from an action not taken in the
24 defendant judge's official capacity; or (2) the suit stems from an action which, although
25 judicial in nature, was taken in the complete absence of all jurisdiction.  <u>See Mireles v.
26 Waco,</u> 502 U.S. 9, 11-12 (1991).  Here, the allegations of plaintiff's complaint fail to set
27 forth grounds for application of either exception.  Accordingly, the court finds plaintiff's
28

1 complaint frivolous within the meaning of 28 U.S.C. § 1915(e), and plaintiff's complaint is
2 DISMISSED.

3 Although the court is of the opinion that repleading will not resolve the deficiencies in
4 the complaint, the court will nonetheless allow plaintiff an opportunity to file an amended
5 complaint. For that amended complaint to be successful, plaintiff must identify each
6 defendant by official name, must allege separate causes of action, must state a
7 constitutional or statutory basis for each cause of action, and must allege facts showing
8 each defendant's personal involvement in the wrongful act alleged in each cause of action.
9 In addition, plaintiff's amended complaint must allege sufficient facts from which to
10 conclude that judicial immunity is not applicable in the instant action. Any amended
11 complaint must be filed no later than **May 1, 2006**.

12 If plaintiff fails to file the amended complaint by May 1, 2006, or if he files an
13 amended complaint not in accordance with the above instructions, the case will be
14 dismissed with prejudice.

15 Because the court orders dismissal pursuant to 28 U.S.C. § 1915, plaintiff's request
16 to proceed in forma pauperis is DENIED.

18 **IT IS SO ORDERED.**
19 Dated: March 30, 2006

20 PHYLLIS J. HAMILTON
United States District Judge

3